UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | NO. EP-17-CR-1566-PRM |
| | § § | |
| DANIEL TERRAZAS-AGUIRRE | § § | |

**DEFENDANT'S MOTION FOR NEW TRIAL**

TO THE HONORABLE PHILIP R. MARTINEZ, DISTRICT JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

COMES NOW Defendant DANIEL TERRAZAS-AGUIRRE, by and through counsel, and files his Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33.  In the event that the Court denies Mr. Terrazas's pending motion for a judgment of acquittal, a new trial is in the interest of justice based on the prosecutor's improper reference to stricken testimony during closing.

**I.      RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

Mr. Terrazas incorporates by reference the procedural background and testimony and evidence described in his Brief in Support of Rule 29 Motion (ECF No. 74).  The testimony that the Court struck included a conclusion by Bradley Fleming, an expert in forensic chemistry, that the substance he tested was marijuana.  Transcript of Trial Vol. I (Oct. 12, 2017) at 99, ECF No. 70 [hereinafter, "Trans. Vol. I"].  Additionally, Fleming confirmed that the substance he tested was green and leafy.  *Id.* at 100.  There was no other evidence presented that the substance was green and leafy.

After both parties rested, the Court struck Fleming's testimony as irrelevant. Transcript of Trial Vol. II (Oct. 13, 2017) at 3, ECF No. 71 [hereinafter, "Trans. Vol. II"]. The Court instructed the jury to disregard Fleming's testimony in its entirety. *Id.* at 21. Nevertheless, during his closing argument, the prosecutor stated, "It was a green, leafy substance that was put in a hidden compartment especially designed for that purpose." *Id.* at 38.

## II.    LEGAL ARGUMENT

The Court should vacate the jury's verdict and grant a new trial in the interest of justice because Mr. Terrazas's trial was irreparably tainted by the stricken testimony of the expert chemist, particularly given the prosecutor's reliance on a portion of that stricken testimony during his closing argument.

Federal Rule of Criminal Procedure 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). The "interest of justice" standard "requires the district court to balance the alleged errors against the record as a whole and evaluate the fairness of the trial." *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004) (internal quotation marks omitted). The remedy of a new trial is warranted "only where there would be a miscarriage of justice or where the evidence preponderates heavily against the verdict." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997) (internal quotation marks omitted).

"A prosecutor is confined in closing argument to discussing properly admitted evidence and any reasonable inferences or conclusions that can be drawn from that evidence." *United States v. Mendoza,* 522 F.3d 482, 491 (5th Cir. 2008); *see also United States v. Young,* 470 U.S. 1, 18-19 (1985) (noting a prosecutor cannot "convey the impression that evidence not presented to the jury,

but known to the prosecutor, supports the charges"). Accordingly, a prosecutor cannot refer to any evidence that was not admitted at trial. *Mendoza,* 522 F.3d at 491.

Of course, "a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial." *Young*, 470 U.S. at 11. "When assessing the prejudice sustained by a prosecutor's improper remarks, the determinative question is whether the remarks cast serious doubt on the correctness of the jury's verdict." *United States v. Anderson*, 755 F.3d 782, 797 (5th Cir. 2014) (internal quotation marks omitted). To do so, a court considers three factors: "'(1) the magnitude of the prejudicial effect of the prosecutor's remarks, (2) the efficacy of any cautionary instruction by the judge, and (3) the strength of the evidence supporting the conviction.'" *Id.* (quoting *United States v. Palmer,* 37 F.3d 1080, 1085 (5th Cir. 1994)). This inquiry "places a 'substantial burden'" on the defendant. *Id.* (quoting *United States v. Virgen–Moreno,* 265 F.3d 276, 290 (5th Cir. 2001)).

The prosecutor improperly relied on stricken testimony when he stated in his closing argument that "[i]t was a green, leafy substance that was put in a hidden compartment especially designed for that purpose." Trans. Vol. II at 38. None of the agents who handled the bundles seized from the minivan driven by Mr. Terrazas testified to what the substance looked like. The only mention of the substance being green and leafy was when Fleming, the chemist, responded, "That's correct" to the prosecutor's question asking if he was "provided with a sample of a green, leafy substance[.]" Trans. Vol. I at 100. But all of Fleming's testimony was stricken because there was an insufficient predicate to show that the substance examined by Fleming was in fact the same substance taken from the minivan in question. The prosecutor's reliance on this stricken

3

Case 3:17-cr-01566-PRM   Document 75   Filed 10/27/17   Page 4 of 6

description of the substance is extremely prejudicial given the scant circumstantial evidence of the substance being marijuana. *See* Def. Rule 29 Brief, ECF No. 74.

No curative instruction was given to admonish the jury to not consider the prosecutor's description of the substance as green and leafy. The Court's instruction to the jury to disregard Fleming's testimony was issued before closing argument and was not sufficient to cure the error of the prosecutor subsequently referring to the stricken evidence. The prosecutor appears to have believed that there was admissible testimony of the substance being green and leafy. *See* Trans. Vol. I at 204; Trans. Vol. II at 7 (stating that he believed Agent Cortez testified as such). Neither the Court nor defense counsel corrected this erroneous belief, indicating the difficulty of separating out which witness testified to what without the assistance of a transcript. *See* Trans. Vol. I at 204; Trans. Vol. II at 7. As such, even the instruction to disregard Fleming's testimony did not cure the initial admission of his testimony. If the Court and the parties could not parse out what evidence to rule out based on Fleming's testimony being stricken, the jury could not be expected to do so—particularly when the prosecutor relied upon that portion of the stricken testimony in closing without objection or curative instruction.

The Government's case against Mr. Terrazas was weak, and the circumstantial evidence without Fleming's testimony was insufficient to support a finding beyond a reasonable doubt that the substance was marijuana. *See* Def. Rule 29 Brief, ECF No. 74. In the context of this trial, the prosecutor's insertion of a stricken description of the substance casts serious doubt on the jury's verdict, a verdict it took hours to reach despite the testimony lasting less than a day. A new trial is in the interest of justice.

### III. CONCLUSION

WHEREFORE, in the event that the Court denies his motion for judgment of acquittal, Mr. Terrazas requests that the Court grant him a new trial.

Respectfully Submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender


           /S/
SHANE MCMAHON
Assistant Federal Public Defender
Western District of Texas
Richard C. White Federal Building
700 E. San Antonio, D-401
El Paso, Texas  79901
(915) 534-6525
*Attorney for Defendant*


### CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2017, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following: AUSA Christopher K. Mangels, Office of the U.S. Attorney, Richard C. White Building, 700 E. San Antonio, Suite 200, El Paso, TX 79901.

           /S/
SHANE MCMAHON
*Attorney for Defendant*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | NO. EP-17-CR-1566-PRM |
| DANIEL TERRAZAS-AGUIRRE | § § § | |

**O R D E R**

On this date came on to be considered the Defendant's Motion for New Trial, and the Court having considered the premises, is of the opinion that the same should be and is hereby GRANTED.

It is therefore ORDERED that the Defendant's judgment of a guilty verdict be VACATED and that Defendant be GRANTED a new trial.

SO ORDERED on this the _____ day of _____, 2017.

_____
PHILIP R. MARTINEZ
United States District Judge